# In the United States Court of Federal Claims

No. 18-1838

(Filed: April 5, 2019)

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **DICHONDRA BOWDEN,** | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) |
| Defendant. | ) ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dichondra Bowden, *pro se*, Moreno Valley, CA.

Igor Helman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Dichondra Bowden was for a number of years a certified nursing assistant employed by the Department of Veterans Affairs ("VA") at the Loma Linda VA Hospital in California. She has filed suit seeking premium pay for work on nights and weekends, invoking the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Back Pay Act, 5 U.S.C. § 5596. Pending before the court is the government's motion to dismiss Ms. Bowden's complaint for lack of jurisdiction. Def.'s Mot. to Dismiss for Lack of Jurisdiction ("Def.'s Mot."), ECF No. 11. Ms. Bowden has responded in opposition, *see* Pl.'s Mot. to Challenge Jurisdiction & Request for Judgment ("Pl.'s Opp'n"), ECF No. 12, and defendant has filed a reply, Def.'s Reply in Support of its Mot. to Dismiss for Lack of Jurisdiction ("Def.'s Reply"), ECF No. 13.

For the reasons stated in this opinion, the court concludes that Ms. Bowden's complaint falls outside the six-year statute of limitations for claims arising in this court. Therefore, the court lacks jurisdiction and the government's motion to dismiss the complaint is GRANTED.

## BACKGROUND

Ms. Bowden filed her complaint on November 19, 2018. In her complaint, Ms. Bowden represents that she worked for the VA as a certified nursing assistant from July 12, 2005 to August 2, 2017. Compl. at 1.[1] During her employment, Ms. Bowden alleges that she was routinely "scheduled to work Saturday[s], and regularly work[ed] nights between the hours of 6 PM and 6 AM and on weekends." Compl. at 1. She avers that despite working these "undesirable hours" from July 6, 2005 to November 11, 2008, she never received any "premium pay" pursuant to 38 U.S.C. § 7453(b) and (c). Compl. at 3.[2] For relief, Ms. Bowden requests $13,106.48 in "unpaid accrued and accumulated back pay," plus interest. Compl. at 3, 5.

Ms. Bowden contends that she was aware of the non-payment when it occurred and "notified her [s]upervisor of the unexplained changes on plaintiff's leave and earning statement, however the [d]epartment did not contact [] payroll." Compl. at 3. Likely due to the department's alleged non-action, Ms. Bowden also claims she reached out to her union representative for "assistance [] because it has recently come to my attention that I have not been paid (Saturday [p]remium), since I began working in [J]uly 2005." Compl. at 5; Compl. Ex. 4a at 5 (e-mail from Ms. Bowden to Dewanda Mitchell on August 31, 2008). Extended communications followed between Ms. Bowden, her union representative, and other employees of the VA during 2008 before her union filed a formal grievance in 2009. *See* Compl. Ex. 4a at 8-14. The complaint provides no other communication from the VA to Ms. Bowden until she was sent a copy of an e-mail dated July 31, 2018 from a VA employee to another VA employee, stating that "Ms. Bow[d]en is tentatively part of the Quimby law[]suit that is currently being worked [out]." Compl. Ex. 4a at 12.[3] But as the *Quimby* class action lawsuit settled in 2012, the basis for or relevance of the VA's e-mail on July 31, 2018 is not readily apparent. *See supra*, note 3.

---

[1] As Ms. Bowden's complaint is not numbered, references to the complaint will use the assigned ECF page numbers.

[2] 38 U.S.C. § 7453(b) requires that "[a] a nurse performing service, any part of which is within the period commencing at 6 [PM] and ending at 6 [AM], shall receive additional pay for each hour of such service." 38 U.S.C. § 7453(c) similarly requires that "[a] nurse performing service, any part of which is within the period commencing at midnight Friday and ending at midnight Sunday, shall receive additional pay for each hour of such service."

[3] The "Quimby lawsuit" is a reference to an opt-in "class action lawsuit brought on behalf of current and former employees of the [VA]." *Quimby v. United States*, 107 Fed. Cl. 126, 128 (2012). The case was settled in 2012 with a total settlement fund of nearly $74 million dollars and over 45,000 verified eligible class members. *Id.* at 128-29. According to a website established by the class attorneys, "this case is closed to any new claims and to any new appeals; final review of existing appeals will be completed by June 8, 2015." *See Quimby v. United States*, Home, https://www.vabackpay.com/Default.aspx (last accessed March 29, 2019). The court is unable to determine the extent of Ms. Bowden's participation in the 2012 *Quimby* class action. It is not apparent whether she opted-in to the litigation or if she received any funds from the settlement. The e-mail of July 31, 2018, did state that Ms. Bowden may be entitled to some premium pay as part of the settlement, and for the exact amount that she now seeks. *See* Compl. Ex. 4a at 12.

Soon after Ms. Bowden filed her complaint in this court, however, appropriations to the Department of Justice lapsed. *See* Order Granting [suspension of case] (Jan. 18, 2019), ECF No. 8. Once funding was restored and the case resumed, the government moved to dismiss Ms. Bowden's complaint on February 7, 2019, pursuant to RCFC 12(b)(1) for lack of jurisdiction. *See generally* Def.'s Mot. In the motion, the government argues that Ms. Bowden's claim is time barred because it is subject to the Tucker Act's six-year statute of limitations. *Id.* at 3-5. Ms. Bowden responded in opposition to the government's motion on March 14, 2019, arguing that she had properly submitted "wage claims . . . to a joint grievance committee pursuant to the provisions of [the pertinent] union's collective-bargaining agreement." Pl.'s Opp'n at 1. The government's reply emphasizes that "the limitations period under the FLSA is *shorter* than the six-year period under 28 U.S.C. § 2501." Def.'s Reply at 1 (emphasis in original).

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not, however, provide substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish this court's jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398). Claims for back pay under the Back Pay Act are money-mandating. 5 U.S.C. § 5596(b); *see also Testan*, 424 U.S. at 404; *Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999). So too are claims made by federal employees under the FLSA. *See* 29 U.S.C. §§ 203(e)(2)(A), 216(b); *see also Abbey v. United States*, 745 F.3d 1363, 1368-69 (Fed. Cir. 2014); *Billings v. United States*, 322 F.3d 1328, 1332-33 (Fed. Cir. 2003); *Zumerling v. Devine*, 769 F.2d 745, 748-49 (Fed. Cir. 1985).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The six-year statute of limitations specified in Section 2501 is jurisdictional, *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-36 (2008), and is not susceptible to equitable tolling or any of the other doctrines that would excuse an untimely claim, *id.* at 133-34. "Courts created by statute can have no jurisdiction but such as the statute confers." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (quoting *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 499 (1850)).

Ms. Bowden, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on the government's motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Yet, "[i]f a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); RCFC

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

### A. *Ms. Bowden's Claim is Outside the Six Year Statute of Limitations*

The alleged conduct giving rise to Ms. Bowden's complaint occurred between the years of 2005 and 2008. *See* Compl. at 3. During this three-year period, Ms. Bowden claims she worked numerous night and weekend shifts as a certified nursing assistant for the VA. Compl. at 1, 3. According to Ms. Bowden, working these undesirable shifts should have entitled her to premium pay under 38 U.S.C. § 7453. Compl. at 1, 3. Ms. Bowden contends that she was not paid the premium for these shifts and therefore seeks compensation under the Back Pay Act. Compl. at 3 (citing 5 U.S.C. § 5596).

In the circumstances, the court does not have jurisdiction over Ms. Bowden's claim under the Back Pay Act. Indeed, even if the court takes all of Ms. Bowden's contentions as true, it still could not provide the relief that Ms. Bowden seeks. The last of the alleged violations of the Back Pay Act occurred on November 11, 2008. Compl. at 3. But 28 U.S.C. § 2501 requires that "[e]very claim of which the United Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

Claims accrue "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when 'all events have occurred to fix the [g]overnment's alleged liability, entitling the claimant to demand payment and sue here for h[er] money.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (*en banc*) (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)) (other citations omitted). Back pay claims, however, are "considered to be 'continuing' in nature, accruing anew each time a payment is due." *Acker v. United States*, 23 Cl. Ct. 803, 804 (1991) (quotation and citation omitted). In other words, although a plaintiff's claim accrues (*i.e.* allows the plaintiff to file suit) after each non-payment of entitled pay, every new time the plaintiff is not paid the earned pay "refreshes" the claim. Consequently, the statute of limitations starts its run from the most recent non-payment of earned wages. *See Jones v. United States*, 113 Fed. Cl. 39, 41 ("Under [28 U.S.C. § 2501], plaintiffs' claims for Sunday premium pay accrued each time payment was due, regardless of whether plaintiffs knew that they were entitled to seek these premiums.") (citing *Oceanic Steamship Co. v. United States*, 165 Ct. Cl. 217, 255 (1964)) (other citations omitted).

In this case, Ms. Bowden would have had to have filed her complaint by November 11, 2014, for this court to have jurisdiction. But as Ms. Bowden filed her complaint over five years after November 11, 2014, it is well outside of the statute of limitations and therefore outside the court's jurisdiction. *See, e.g., John R. Sand & Gravel Co.*, 552 U.S. at 133-36.[4]

Ms. Bowden's claims are also not subject to equitable tolling or any other doctrine that would excuse the five-year delay. *E.g., John R. Sand & Gravel Co.*, 552 U.S. at 136. The Back

---

[4]Ms. Bowden's FLSA claim is subject to a shorter two-year statute of limitation, *see* 29 U.S.C. § 255(a), except for willful violations, which are subject to a three-year limitations period, *id.* Accordingly, Ms. Bowden's claim is untimely under the FLSA as well.

4

Pay Act "plainly does not serve to alter or extend the statute of limitations established by [28 U.S.C. § 2501]." *Jones*, 113 Fed. Cl. at 42. Thus, in short, Ms. Bowden's claim is outside of the statute of limitations and cannot be saved by any equitable doctrine or the money-mandating statutes she cites.

The time for Ms. Bowden to file suit against the government was within the six-year period following the final accrual of her claim, *i.e.*, any time before November 11, 2014. Ms. Bowden also could have sought relief by opting-in to the *Quimby* lawsuit that settled tens of thousands of nearly identical claims against the VA in 2012.[5] As Ms. Bowden did not comply with the former, and the court is unable to determine the extent of her participation in the latter, her complaint must be dismissed for lack of jurisdiction pursuant to RCFC 12(b)(1).

While the court is not without sympathy for Ms. Bowden, it is bound by the jurisdictional limitations prescribed by Congress. Statutes of limitations are designed to ensure the prompt and just adjudication of disputes and to balance competing interests. *See John R. Sand & Gravel Co.*, 552 U.S. at 133. And although the application of a statute of limitations may seem unfair on an individual level, these laws "seek . . . to achieve [a] broader system [of] related goal[s], such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficacy." *Id.* (citations omitted).

## CONCLUSION

For the reasons stated, the court finds it does not have jurisdiction over Ms. Bowden's claims. Therefore, the government's motion to dismiss is GRANTED. The Clerk shall enter judgment accordingly.[6]

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[5]The court is unable to retrieve the 58,000+ list of names of individuals who opted-in to the *Quimby* class action to determine if Ms. Bowden opted-in. Apparently, 58,479 individuals sought to opt-in, but only 44,019 worked hours that made them eligible. *See Quimby*, 107 Fed. Cl. at 129 & n.3. The remaining 14,460 individuals were given the opportunity to establish their eligibility to the Class Action Administration by producing documentation to justify their entitlement. *Id.* at 129 n.3. In all events, that case is now closed. *See supra*, at 2 n.3.

[6]The court requests that the Clerk provide a copy of this opinion and order to class counsel in *Quimby*, Ira M. Lechner, Washington, D.C.